NATIONAL SECURITIES SERIES—INDUSTRIAL STOCKS SERIES, NATIONAL SECURITIES AND RESEARCH CORPORATION, EMPIRE TRUST COMPANY, TRUSTEE, PETITIONER, ET AL.,* *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 19617, 19618, 19619, 19620. Promulgated December 2, 1949.

*Richard Y. Holcomb, Esq.*, for the petitioners.
*Ellyne E. Strickland, Esq.*, for the respondent.

*Proceedings of the following petitioners are consolidated herewith: National Securities Series—Preferred Stock Series, National Securities and Research Corporation, Empire Trust Company, Trustee; National Securities Series—Stock Series, National Securities and Research Corporation, Empire Trust Company, Trustee; and National Securities Series—Low-Priced Bond Series, National Securities and Research Corporation, Empire Trust Company, Trustee.

OPINION.

ARUNDELL, *Judge*: These cases, consolidated for trial and opinion, involve the following deficiencies in income taxes:

| Docket No. | Taxable period | Deficiency |
|---|---|---|
| 19617 | Aug. 1, 1944, to Apr. 30, 1945 | $86.70 |
| 19618 | Fiscal year ended Apr. 30, 1945 | 1,962.30 |
| 19619 | Aug. 1, 1944, to Apr. 30, 1945 | 207.47 |
| 19620 | Fiscal year ended Apr. 30, 1945 | 1,933.44 |

The petitioners are unincorporated investment trusts whose Federal income tax returns for the taxable periods involved herein were filed on a cash basis with the collector of internal revenue for the second district of New York. In the case of each petitioner the following issues are presented:

(1) Whether the earnings which the petitioner paid out to its shareholders on redemption of shares were preferential dividends within the meaning of section 27 (h) of the Internal Revenue Code and, therefore, not includible as dividends paid in computing its basic surtax credit allowed under sections 362 (b) and 27 (b) (1) of the code.

(2) Whether the petitioner is entitled to deduct Federal stamp taxes paid by it during the taxable year upon the original issue of its shares as ordinary and necessary business expenses within the meaning of section 23 (a) of the code.

The facts were stipulated by the parties, and they are set out to the extent necessary for an understanding of the issues.

The petitioners are "regulated investment companies," as defined in section 361 (a) of the code, which hold property in trust, invest and reinvest such property in securities, and receive dividend or interest income from the securities and capital gains from sales thereof. All of the petitioners were created under a single trust agreement, and they differ only in the nature of their assets, which consist of different types of securities. Petitioners regularly issue certificates representing shares in the property held in trust and regularly redeem the certificates under the provisions of the trust agreement. Each petitioner issues only one class of shares.

As a regulated investment company, each of the petitioners is subject to tax under section 362 (b) of the Internal Revenue Code [1] upon

---

[1] SEC. 362. TAX ON REGULATED INVESTMENT COMPANIES.

\* \* \* \* \* \* \*

(b) METHOD OF TAXATION OF COMPANIES AND SHAREHOLDERS.—In the case of a regulated investment company which distributes during the taxable year to its shareholders as taxable dividends other than capital gain dividends an amount not less than 90 per centum of its net income for the taxable year computed without regard to net long-term and net short-term capital gains, and complies for such year with all rules and regulations prescribed

its Supplement Q net income and Supplement Q surtax net income. In computing its Supplement Q net income and surtax net income there is allowed a credit for taxable dividends paid (exclusive of capital gains dividends) during the taxable year, which, with minor exceptions not material to the instant case, is the same as the basic surtax credit computed under section 27 (b) (1) of the code. Section 27 (h) provides that a distribution shall not be considered as dividends paid in computing the basic surtax credit unless such distribution is "pro rata, with no preference to any share of stock as compared with other shares of the same class, and with no preference to one class of stock as compared with another class except to the extent that the former is entitled (without reference to waivers of their rights by shareholders) to such preference."

Petitioners are so-called open end investment companies, which means that their shareholders are entitled at any time, at their option, to surrender their shares for redemption. Upon redemption, the shareholder is entitled to receive the value of the shares as determined in accordance with the provisions of the trust agreement, such value representing a proportionate share of all the assets of the petitioner whose shares are surrendered, including a portion of net income received, plus income receivable, at the date of surrender.

During the taxable year, each of the petitioners redeemed a considerable number of its shares at the request of its shareholders and paid the surrendering shareholders, in addition to their proportionate share of the company's assets, their allocable portion of the net income received and receivable up to the date of surrender. The latter amounts were treated as dividends paid by each of the petitioners in computing its basic surtax credit.

The respondent, however, has determined that the distributions of earnings by the petitioners upon redemption of their shares during the taxable year were "preferential dividends" within the meaning of section 27 (h) and, therefore, has held that those amounts may not be treated as taxable dividends paid in computing the basic surtax credit.

by the Commissioner, with the approval of the Secretary, for the purpose of ascertaining the actual ownership of its outstanding stock:

(1) Its Supplement Q net income shall be its adjusted net income (computed by excluding the excess, if any, of the net long-term capital gain over the net short-term capital loss, and without the net operating loss deduction provided in section 23 (s)) minus the basic surtax credit (excluding capital gain dividends) computed under section 27 (b) without the application of paragraphs (2) and (3). For the purposes of this paragraph the net income shall be computed without regard to section 47 (c).

(2) Its Supplement Q surtax net income shall be its net income (computed by excluding the excess, if any, of the net long-term capital gain over the net short-term capital loss, and without the net operating loss deduction provided in section 23 (s)) minus the dividends (other than capital gain dividends) paid during the taxable year increased by the consent dividends credit provided by section 28. For the purposes of this paragraph and paragraph (5) the amount of dividends paid shall be computed in the same manner as provided in subsections (d), (e), (f), (g), (h), and (i) of section 27 for the purpose of the basic surtax credit provided in section 27. For the purposes of this paragraph the net income shall be computed without regard to section 47 (c).

The precise question presented was determined by the Circuit Court of Appeals for the Second Circuit in *New York Stocks, Inc.* v. *Commissioner*, 164 Fed. (2d) 75. In that case the Circuit Court of Appeals reversed the decision of this Court in *New York Stocks, Inc.*, 8 T. C. 322, and held that sums distributed by an open end trust to its stockholders upon the redemption of their shares, representing earnings for the taxable year up to the date of redemption, did not constitute preferential dividends within the meaning of section 27 (h). After careful reconsideration of the authorities, it is our opinion that the conclusion reached by the Circuit Court of Appeals represents the correct view of the subject.

There, as here, the respondent contended that a distribution of earnings made incident to the redemption of the shares of those stockholders who elected to redeem without a simultaneous pro rata distribution to all other shareholders of the same series who did not redeem, resulted in a preferential payment of dividends within the meaning of section 27 (h). The Circuit Court of Appeals, in *New York Stocks, Inc.* v. *Commissioner*, *supra*, expressly rejected this argument and pointed out the obvious impossibility of requiring the petitioner to declare and pay a complete dividend every time a share was offered for redemption. The court stated that to accept respondent's argument would in effect deny the credit to a class of taxpayers which Congress by section 361 evidently intended to favor.

The Circuit Court cited the report of the House Committee on Ways and Means (H. Rept. 1860, 75th Cong., 3d sess., p. 23) 1939–1 C. B. 728, 744, dealing with the Revenue Act of 1938, wherein section 27 (h) was enacted in its present form as an authoritative expression of congressional intent. That report reads in part as follows:

Subsection (h) of the bill, relating to "preferential dividends", has the same purpose as section 27 (g) of the existing law * * *. No dividends-paid credit should be allowed in the case of a distribution not in conformity with the rights of shareholders generally inherent in their stock-holdings, whether the preferential distribution reflects an act of injustice to shareholders or a device acquiesced in by shareholders, rigged with a view to tax avoidance. * * * The committee believes that no distribution which treats shareholders with substantial impartiality and in a manner consistent with their rights under their stockholding interests, should be regarded as preferential by reason of minor differences in valuations of property distributed.

In reaching its conclusion that the payments such as those paid by the petitioners herein were not preferential dividends within the meaning of section 27 (h), the Circuit Court of Appeals reasoned as follows:

* * * The shareholder on selling stock of a special series gets his proportionate share of the accrued net income of those companies that make up the series. Thus one who redeems prior to a dividend date will get his pro rata share of the earnings for the period he held his shares, while he who retains

his stock gets the earnings over the entire period. This provides an intrinsically fair method for distributing its earnings to all its shareholders, including those who dispose of their stock during the taxable year. Whether to redeem and when to redeem are determinations wholly within the province of each shareholder. Each has equal opportunity to redeem; all are treated with substantial impartiality. Hence we agree with the dissenting judges below that the distribution is not a preferential dividend within the meaning of § 27 (h).

Referring to the statement of legislative policy set out above, this Court, in *United Artists Theatre Circuit, Inc.*, 1 T. C. 424, 430, concluded that:

These observations do not cover the precise issue before us, but they lend support to our conclusion that where a distribution is made available in conformity with the rights of each stockholder, where no act of injustice to any stockholder is contemplated or perpetrated, where there is no suggestion of a tax avoidance scheme, and where each stockholder is treated with absolute impartiality, the distribution is not preferential within the meaning of the statute.

In our opinion, there is no discrimination in the petitioners' treatment of their shareholders in respect to their distributions of earnings incident to the redemption of their shares which would warrant the classification of such payments as preferential dividends within the meaning of section 27 (h).

The respondent relies on the same cases here as he did in *New York Stocks, Inc.* v. *Commissioner, supra,* but we now think those cases were correctly distinguished by the Second Circuit in its reversal of that case. In *May Hosiery Mills, Inc.* v. *Commissioner,* 123 Fed. (2d) 858, the taxpayer was required to set aside a fund from its net earnings for the retirement of its preferred stock and acquired the shares to be retired by purchase in the open market. The earnings distributed incident to the redemption of those shares were sought to be deducted as a dividends-paid credit, but such a credit was denied on the ground that the distribution was preferential, as there was lacking an equal opportunity on the part of all stockholders to have their stock redeemed at the same time. In *Black Motor Co.* v. *Commissioner,* 125 Fed. (2d) 977, the dividend payments regarded as "preferential" were not made in proportion to the percentage of stock of the same class owned by each stockholder. In *Forstner Chain Corporation,* 45 B. T. A. 19, the taxpayer, pursuant to a resolution of its board of directors, offered to purchase not more than 50 shares of its preferred stock from its three shareholders at $450 a share. Two of the three stockholders waived their rights to redemption and payments made to the third in excess of the issued price of the stock were held to be preferential. There the agreement to repurchase its shares was entered into long after the issuance of the stock and was clearly intended to effect a preferential distribution to one of the three stockholders. The other cases relied on by the respondent are distinguish-

able on similar grounds. Cf. *Monte Glove Co.*, 44 B. T. A. 539; *Budd International Corporation*, 45 B. T. A. 737; *Safety Convoy Co.* v. *Thomas*, 139 Fed. (2d) 219.

Respondent points out that the instant case is governed by the provisions of the 1942 Act rather than the earlier legislation which was considered in *New York Stocks, Inc.* v. *Commissioner, supra*, and therefore argues that that decision should not be regarded as completely controlling. However, counsel have stipulated that petitioners come within similar provisions of the 1942 Act and respondent points to no changes in the later act which would suggest a different treatment of the issue than that accorded by the Circuit Court.

Therefore, on the authority of *New York Stocks, Inc.* v. *Commissioner, supra*, we conclude that the distribution of earnings by the petitioners on the redemption of their shares during the taxable year were not preferential dividends within the meaning of section 27 (h) and may properly be included by the petitioners as dividends paid in computing their basic surtax credits under section 362 (b).

As the decision on the first issue serves to give each petitioner a basic surtax credit greater than the net income of each, after taking into consideration all adjustments made by the respondent, including the disallowance of stamp taxes as an ordinary and necessary expense, it follows that there will be no deficiencies, and, as no net income was reported by any of petitioners and no taxes were paid by any of them at any time, it becomes unnecessary for us to pass on the second issue.

Reviewed by the Court.

*Decisions will be entered for the petitioners.*